**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOEL FIGUEROA RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., EQUIFAX INFORMATION<br>SERVICES, LLC, and TRANS UNION LLC,<br><br>  Defendants. | Case No. 3:26-cv-00986-SFR |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S**
**COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (hereinafter "FCRA" or the "Act").

327021312v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p based on the federal question concerning the FCRA, a federal law.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is proper in this District under 28 U.S.C. §1391(b)(2) because the acts or omissions giving rise to the complaint pled to here occurred within the District of Connecticut.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff resides in New Britain, Connecticut and qualifies as a "consumer" as defined and protected by the FCRA.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶5:**

Equifax is a consumer reporting agency with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax further admits that it maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶6:**

Experian is a consumer reporting agency with a principal place of business located at 475 Anton Boulevard Costa Mesa, California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Trans Union is a consumer reporting agency with a principal place of business located at 2 Baldwin Place, Chester, PA 19022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

## FACTUAL ALLEGATIONS

**COMPLAINT ¶8:**

Plaintiff was born and raised in the Commonwealth of Puerto Rico.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Plaintiff was incarcerated nearly continuously from 1999 through 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

He was first incarcerated as a juvenile in 1999 and remained in custody until 2003.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

After being released in or about 2004, he was arrested again shortly afterward and remained in custody until 2012.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

He was then released for approximately two (2) weeks before being incarcerated again and stayed in prison until 2016.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

He was thereafter released again in 2016 but returned to prison in 2018, where he remained until 2021.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

After Plaintiff's release from incarceration in 2021, Plaintiff sought to reintegrate into society and establish a stable and productive life.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Like many individuals attempting to rebuild after a lengthy period of incarceration, Plaintiff focused on obtaining lawful employment, maintaining stable housing, and addressing the practical challenges associated with reentering the workforce.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

Plaintiff had limited financial resources and was attempting to establish himself through legitimate employment and lawful means.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

In or around 2021, after securing employment, Plaintiff filed his tax return.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Plaintiff anticipated receiving a tax refund that would assist him in meeting his living expenses and continuing his efforts to establish financial stability.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Instead, Plaintiff learned that his anticipated tax refund had been intercepted and applied toward debts allegedly owed by him that he did not recognize.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

The debts were unfamiliar to Plaintiff, and he had no recollection of opening the accounts or incurring the obligations that purportedly gave rise to those debts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶21:**

In fact, although he was certain that the accounts were not his, he went about the process of ascertaining what transpired so he can be sure.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Plaintiff thus began investigating the source of the debts and financial obligations being attributed to him.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

On or about February 1, 2024, Plaintiff received a debt collection letter from FMA Alliance ("FMA") dated January 24, 2024, seeking payment on a debt on behalf of Upstart Asset Trust I, serviced by Upstart Network, Inc. ("Upstart") and account number XXXX9237.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Plaintiff attempted to open an account with Defendant Experian but was denied by Experian's system.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶25:**

On or about June 24, 2025, Plaintiff created online consumer accounts with Defendants Equifax and Trans Union for the purpose of reviewing the information being reported about him.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Through those accounts, Plaintiff obtained copies of his credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Upon review, Plaintiff discovered that his consumer reports contained numerous credit accounts, automobile loans, charge accounts, collection accounts, addresses, telephone numbers, and other personal identifying information that he did not recognize.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax denies that it reported inaccurate information and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶28:**

Specifically, Defendants Equifax and Trans Union reported one or more of the following accounts (the "Disputed Fraudulent Accounts") as belonging to Plaintiff:

    a.    CREDIT ONE BANK
             Account Number: XXXXXXX8904
             Date Opened: 11/08/2021
             Account Type: Credit Card
             Balance: $1,432

327021312v.1

b.   CAPITAL ONE BANK USA, N.A.
     Account Number: XXXXXXXX9679
     Date Opened: 12/06/2022
     Account Type: Credit Card
     Balance: $205

c.   BRIDGECREST CREDIT COMPANY, LLC
     Account Number: XXXXXXXX8201
     Date Opened: 04/04/2024
     Account Type: Auto Loan
     Balance: $21,884

d.   TBOM MIL
     Account Number: XXXXXXXX4675
     Date Opened: 11/25/2022
     Account Type: Credit Card
     Balance: $309

e.   JEFFERSON CAPITAL LLC
     Account Number: XXXXXXXX9044
     Date Opened: 12/20/2021
     Account Type: Debt Buyer Account
     Balance: $3,335

f.   MERRICK BANK
     Account Number: XXXXXXXX1150
     Date Opened: 02/12/2017
     Account Type: Credit Card
     Balance: $3,411

g.   TD BANK USA/TARGET CREDIT
     Account Number: XXXXXXXXX9165
     Date Opened: 10/05/2013
     Account Type: Credit Card
     Balance: $0

h.   CAPITAL ONE/KOHLS DEPARTMENT STORE
     Account Number: XXXXXXXX9165
     Date Opened: 10/05/2013
     Account Type: Credit Card
     Balance: $0

i.   COVINGTON CREDIT
     Equifax Account Number: XXXXXXXX1307
     Trans Union Account Number: XXXXXXXXXXX0295
     Date Opened: 02/23/2017

9

327021312v.1

Account Type: Note Loan
Balance: $0

j.    TOYOTA MOTOR CREDIT CORPORATION
Account Number: XXXXXXXX0001
Date Opened: 03/24/2021
Account Type: Auto Loan
Balance: $0

k.    GM FINANCIAL
Account Number: XXXXXXXX8313
Date Opened: 02/06/2016
Account Type: Auto Loan
Balance: $0

l.    CAPITAL ONE AUTO FINANCE
Account Number: XXXXXXXX 3290
Date Opened: 05/10/2016
Account Type: Auto Loan
Balance: $0

m.    WELLS FARGO BANK, N.A.
Account Number: XXXXXXXX0001
Date Opened: 11/10/2012
Account Type: Auto Loan
Balance: $0

n.    BARCLAYS BANK DELAWARE
Account Number: XXXXXXXX7851
Date Opened: 10/19/2011
Account Type: Credit Card
Balance: $0

o.    FINGERHUT/WEBBANK
Account Number: XXXXXXXX5260
Date Opened: 05/11/2013
Account Type: Charge Account
Balance: $0

p.    BEST BUY/CBNA
Account Number: XXXXXXXXX7064
Date Opened: 10/11/2017
Account Type: Credit Card
Balance: $0

q.    AARON RENTS
Account Number: XXXXXXXX2179
Date Opened: 05/01/2014

327021312v.1

Account Type: Lease Account
Balance: $0

r.    WAKEFIELD & ASSOCIATES, INC.
Account Number: XXXXXXXX8195
Original Creditor: Southeastern Emergency
Balance: $761

s.    CREDIT ONE BANK
Account Number: XXXXXXXX0025
Date Opened: 10/29/2019
Account Type: Credit Card
Balance: $806

t.    CREDIT ONE BANK
Account Number: XXXXXXXX9134
Date Opened: 10/29/2019
Account Type: Credit Card
Balance: $806

**ANSWER:**

Equifax admits that, at times, Fingerhut/Webbank, GM Financial, Capital One/Kohls, Capital One Bank, USA, N.A., Bridgecrest Credit Company, TBOM/MIL, Capital One Auto Finance, Best Buy/CBNA, TD Bank/Target, Toyota Financial Services, Merrick Bank, Credit One Bank, Covington Credit, Wells Fargo Bank, N.A., Barclays Bank Delaware, Jefferson Capital, and Wakefield & Associates, Inc. have furnished information to it purportedly concerning Plaintiff. Equifax denies that it reported inaccurate information and further denies that it violated the FCRA or any other law. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Plaintiff did not open, authorize, use, or receive the benefit of any of the foregoing accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax

11

327021312v.1

denies that it reported inaccurate information and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶30:**

Equifax reported the address "2105 Gardenia Avenue, Hidalgo, Texas 78557" as Plaintiff's address, along with former addresses in Connecticut, Louisiana, Kentucky, North Carolina, and Tennessee, all of which Plaintiff did not recognize.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax denies that it reported inaccurate information and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶31:**

Trans Union likewise reported the address "2105 Gardenia Avenue, Hidalgo, Texas 78557-3627" as Plaintiff's current address, along with numerous other addresses in Kentucky, North Dakota, Tennessee, Massachusetts, Puerto Rico, Connecticut, Texas, and North Carolina, none of which Plaintiff recognized.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Similarly, Trans Union reported the following numbers that never belonged to Plaintiff: (774) 240-3145, (813) 841-1116, (701) 641-3343, (701) 580-4334, (701) 641-8840, (508) 406-8882, (701) 648-9398, (774) 386-3937, (214) 364-7434, and (423) 310-6069.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶33:**

Understanding that he was likely the victim of identity theft, on or about July 14, 2025, Plaintiff filed an incident report with the New Britain Police Department concerning the apparent misuse of his identity.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff Contacts the Furnishers**

**COMPLAINT ¶34:**

In July and August 2025, Plaintiff called many of the furnishers appearing on his credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Each of the furnishers confirmed that while Plaintiff's name and other personal identifying information was associated with the respective accounts, the addresses and telephone numbers associated with the accounts did not belong to Plaintiff, a telling sign of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶36:**

Further, on some accounts, Yadira Rodriguez and Joel F. Rodriguez were listed as joint accountholders.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶37:**

However, Plaintiff does not know these individuals.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Plaintiff confirmed that he never authorized or benefitted from these accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

On or about September 24, 2025, Plaintiff filed an Federal Trade Commission ("FTC") Identity Theft Report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff's Formal Disputes with the Defendants**

**COMPLAINT ¶40:**

On or about September 24, 2025, Plaintiff disputed the Disputed Fraudulent Accounts, inaccurate addresses, inaccurate telephone numbers, and unauthorized inquiries with each Defendant.

**ANSWER:**

Equifax admits that on October 5, 2025, it received correspondence purportedly from Plaintiff concerning several accounts and various addresses and inquiries, the contents of which speak for themselves. Equifax denies that it reported inaccurate information and further denies that it violated the FCRA or any other law. Equifax lacks knowledge or information sufficient to form

14

a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Specifically, Plaintiff disputed that the Fraudulent Accounts were not his, but rather the product of fraud and identity theft.

**ANSWER:**

Equifax admits that on October 5, 2025, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**COMPLAINT ¶42:**

Plaintiff provided sufficient information to identify his credit file and sufficient information to support his dispute.

**ANSWER:**

Equifax admits that on October 5, 2025, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**COMPLAINT ¶43:**

Plaintiff requested that the identity theft information be blocked from his credit file.

**ANSWER:**

Equifax admits that on October 5, 2025, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

### Experian and Equifax Ignore Plaintiff's Dispute

**COMPLAINT ¶44:**

Upon information and belief, on or about October 5, 2025, Equifax and Experian received Plaintiff's September 24, 2025 dispute and request that the identity theft information be blocked from his credit file.

327021312v.1

**ANSWER:**

Equifax admits that on October 5, 2025, it received correspondence purportedly from Plaintiff concerning several accounts and various addresses and inquiries the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Plaintiff did not receive any response from Equifax or Experian.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax further denies that it violated the FCRA or any other law.

**COMPLAINT ¶46:**

Upon information and belief, Equifax and Experian failed to adequately review all the information provided to it by Plaintiff

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶47:**

Upon information and belief, Equifax and Experian failed to reinvestigate Plaintiff's September 2025 dispute and failed to block identity theft information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶48:**

Equifax and Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed charges were the product of identity theft.

327021312v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶49:**

Equifax and Experian violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Trans Union's Unreasonable Dispute Reinvestigation**

**COMPLAINT ¶50:**

Upon information and belief, on or about October 6, 2025, Trans Union received Plaintiff's September 29, 2025 dispute and request that the identity theft information be blocked from his credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

On or about October 7, 2025, Trans Union issued correspondence to Plaintiff declining his fraud block request, without specifying a reason or justification under § 1681c-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

Trans Union stated that it would reinvestigate the disputed information but never provided its results.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶53:**

On or about October 7, 2025, Trans Union issued additional correspondence stating that Plaintiff's proof of address was unacceptable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶54:**

Plaintiff's dispute included his current driver's license as well as an FTC sworn affidavit and police report listing the same address.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶55:**

Notwithstanding, the Disputed Fraudulent Accounts were not removed or blocked from his credit file by Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

Upon information and belief, Trans Union failed to adequately review all the information provided to it by Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

Upon information and belief, Trans Union failed to reinvestigate Plaintiff's September 2025 dispute and failed to block the identity theft information.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

On or about October 16, 2025, Plaintiff mailed a second identity theft dispute and block request to Defendant Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

On or about October 31, 2025, Defendant Trans Union received Plaintiff's October 2025 dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

Regrettably, Trans Union provided the same exact response, failing to specify why it would not block the information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

This time, however, Trans Union did not require additional proof of address.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

19

327021312v.1

**COMPLAINT ¶62:**

Trans Union violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed charges were the product of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Trans Union violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff Sends Another Dispute to the Defendants**

**COMPLAINT ¶64:**

On or about November 20, 2025, Plaintiff mailed another identity theft dispute and block request to each of the Defendants.

**ANSWER:**

Equifax admits that on November 29, 2025, it received correspondence purportedly from Plaintiff concerning several accounts, and various addresses and inquiries, the contents of which speak for themselves.

**COMPLAINT ¶65:**

Plaintiff provided sufficient information to identify his credit file and sufficient information to support his dispute.

**ANSWER:**

Equifax admits that on November 29, 2025, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

20

327021312v.1

**COMPLAINT ¶66:**

Plaintiff requested that the identity theft information be blocked from his credit file.

**ANSWER:**

Equifax admits that on November 29, 2025, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**Trans Union's Unreasonable Dispute Reinvestigation**

**COMPLAINT ¶67:**

On or about November 28, 2025, Trans Union received Plaintiff's dispute and request that identity theft information be blocked from his credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

On or about December 30, 2025, Trans Union issued investigation results to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

Trans Union reported that several disputed accounts had been deleted from Plaintiff's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶70:**

However, Trans Union continued to report several other fraudulent accounts.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶71:**

Trans Union removed many disputed addresses but failed to remove 314 McTavish Avenue, White Earth, North Dakota 58794-5003.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶72:**

Trans Union failed to adequately review all the information provided to it by Plaintiff

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

Trans Union violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed charges were the product of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Trans Union violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

22

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### Equifax's Unreasonable. Dispute Reinvestigation

**COMPLAINT ¶75:**

On or about November 28, 2025 Equifax received another dispute from Plaintiff.

**ANSWER:**

Equifax admits that on November 29, 2025, it received correspondence purportedly from Plaintiff concerning several accounts and various addresses and inquiries, the contents of which speaks for itself.

**COMPLAINT ¶76:**

On or about December 6, 2025, Defendant Equifax issued multiple responses to Plaintiff concerning his November 2025 dispute.

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to his dispute received on November 29, 2025.

**COMPLAINT ¶77:**

In one response, Equifax characterized certain disputed items as frivolous because Equifax claimed that the items had already been disputed within the prior ninety (90) days, had previously been verified as accurate, and no new relevant information had been provided.

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to his dispute received on November 29, 2025, the contents of which speak for themselves.

**COMPLAINT ¶78:**

Equifax also identified Barclays Bank Delaware, Wells Fargo Bank, N.A., and GM Financial as items it considered previously disputed and verified.

327021312v.1

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to

his dispute received on November 29, 2025, the contents of which speak for themselves.

**COMPLAINT ¶79:**

Equifax further stated that other disputed items were already under active dispute, including accounts associated with Capital One Bank USA, Merrick Bank, Credit One Bank, Capital One Auto Finance, Bridgecrest Credit Company, and Fingerhut/WebBank.

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to

his dispute received on November 29, 2025, the contents of which speak for themselves.

**COMPLAINT ¶80:**

In a separate response dated December 6, 2025, Equifax stated that Plaintiff's identification information did not match the information in his credit file (which, ironically, was the precise reason for Plaintiff's dispute) and requested additional documentation to verify Plaintiff's identity, and current address.

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to

his dispute received on November 29, 2025, the contents of which speak for themselves.

**COMPLAINT ¶81:**

In another response dated December 6, 2025, Equifax stated that it would not block the disputed information at that time pursuant to Section 605B(c) of the FCRA.

**ANSWER:**

Equifax admits that on December 6, 2025, it sent Plaintiff correspondence in response to

his dispute received on November 29, 2025, the contents of which speak for themselves.

**COMPLAINT ¶82:**

Equifax failed to adequately review all the information provided to it by Plaintiff.

24

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶83:**

Equifax failed to reinvestigate Plaintiff's November 2025 dispute and failed to block the identity theft information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶84:**

Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed charges were the product of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶85:**

Equifax violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Experian Ignores Plaintiff's Dispute Again**

**COMPLAINT ¶86:**

On or about November 20, 2025, Experian received from Plaintiff another dispute that identity theft information be blocked from his credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶87:**

Despite receiving Plaintiff's second written dispute and supporting documentation, Plaintiff did not receive any response from Experian, again violating its FCRA obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendants Continue to Report the Inaccurate Information**

**COMPLAINT ¶88:**

On or about January 6, 2026, Plaintiff obtained updated credit reports to determine whether the disputed identity theft information had been blocked, deleted, or corrected.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶89:**

Plaintiff's updated Equifax report showed that Equifax had removed many disputed accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

However, Equifax continued reporting numerous disputed accounts with Credit One Bank, Barclays Bank Delaware, Wells Fargo Bank, N.A., and Toyota Motor Credit.

**ANSWER:**

Equifax admits that, at times, Toyota Financial Services, Credit One Bank, Wells Fargo Bank, N.A., and Barclays Bank Delaware have furnished information to it purportedly concerning

327021312v.1

Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

Equifax also began reporting a new LVNV Funding LLC collection account with WebBank/Fingerhut that did not belong to Plaintiff.

**ANSWER:**

Equifax admits that, at times, Fingerhut/Webbank and LVNV Funding LLC have furnished information to it purportedly concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

Similarly, Plaintiff's updated Trans Union report showed that Trans Union had removed many disputed accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

However, Trans Union continued reporting disputed accounts with Covington Credit and Toyota Motor Credit.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶94:**

Trans Union also began reporting new accounts with Credence Resource Management and LVNV Funding, which Plaintiff also disputed.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

Plaintiff's updated Experian report showed that Experian had removed several previously disputed accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶96:**

However, Experian continued reporting disputed accounts with Barclays Bank Delaware, Fingerhut/WebBank, and Wells Fargo Bank, N.A.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶97:**

Experian also reported the following new accounts: Credence Resource Management, DRS, and Resurgent/LVNV Funding that did not belong to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶98:**

On or about January 14, 2026, Plaintiff completed another FTC Identity Theft Report after discovering additional accounts and information that he did not recognize.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### Plaintiff Disputes Again

**COMPLAINT ¶99:**

Because the disputed identity theft information had not been fully blocked or corrected, in March 2026, Plaintiff again disputed the inaccurate information with the Defendants.

**ANSWER:**

Equifax admits that on March 13, 2026, it received correspondence purportedly from Plaintiff concerning several accounts and certain personal information, the contents of which speaks for itself.

**COMPLAINT ¶100:**

Plaintiff disputed the inaccurate information listed above with each respective Defendant.

**ANSWER:**

Equifax admits that on March 13, 2026, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**COMPLAINT ¶101:**

Plaintiff provided sufficient information to identify his credit file and sufficient information to support his dispute.

**ANSWER:**

Equifax admits that on March 13, 2026, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**COMPLAINT ¶102:**

Plaintiff requested that the identity theft information be blocked from his credit file.

327021312v.1

**ANSWER:**

Equifax admits that on March 13, 2026, it received correspondence purportedly from Plaintiff, the contents of which speak for themselves.

**COMPLAINT ¶103:**

Plaintiff did not receive any response from Trans Union, Experian, or Equifax to his March 2026 disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax denies that it violated the FCRA or any other law.

### PLAINTIFF'S DAMAGES

**COMPLAINT ¶104:**

Plaintiff did exactly what he should have done upon realizing he was the victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶105:**

Plaintiff disputed directly with the furnishers and explained that the Disputed Fraudulent Accounts were fraudulently opened and that he was the victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶106:**

Plaintiff filed a police report.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶107:**

Plaintiff filed an FTC ID Theft Report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶108:**

Plaintiff filed formal disputes with each Defendant multiple times throughout 2025 and 2026.

**ANSWER:**

Equifax admits that it has received correspondence purportedly from Plaintiff concerning allegedly fraudulent information in his credit file. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶109:**

Plaintiff immediately identified himself as an identity theft victim and requested that the Defendants block the account information that was the product of identity theft.

**ANSWER:**

Equifax admits that it has received correspondence purportedly from Plaintiff concerning allegedly fraudulent information in his credit file, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶110:**

Defendants failed to block the Disputed Fraudulent Accounts that were the product of identity theft despite Plaintiff's multiple formal disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶111:**

Instead, Defendants repeatedly disregarded Plaintiff's credible disputes, often responding to a victim of identity theft that the furnisher of the fraudulent account verified the account as accurate, when that was not so.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶112:**

Defendants refused to block the information, despite their statutory obligations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶113:**

Plaintiff was forced to retain counsel, for which he incurred attorneys' fees.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax further denies that it violated the FCRA or any other law, and also denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COMPLAINT ¶114:**

Plaintiff expended countless hours attempting to correct these inaccuracies.

32

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶115:**

Defendants' conduct has caused Plaintiff extreme and ongoing stress and anxiety.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶116:**

Plaintiff has suffered sleepless nights, frustration, worry, and ultimately felt utterly hopeless that Defendants would ever properly reinvestigate his formal disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶117:**

At all relevant times, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶118:**

At all relevant times, the conduct of Defendants, as well as that of their representative agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

327021312v.1

**COMPLAINT ¶119:**

Plaintiff has suffered ongoing stress and anxiety over the situation, and after repeatedly receiving one non-responsive communication after another from Defendants, Plaintiff feels a surge of panic each time he receives another communication from Defendants.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶120:**

His ongoing stress and anxiety regarding the situation have affected his and his relationships negatively.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶121:**

Further, Plaintiff lost credit opportunities.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶122:**

For example, on or about February 8, 2026, Plaintiff applied for a OnePay CashRewards credit product issued by Synchrony Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶123:**

Plaintiff's application was denied after Synchrony Bank reviewed information contained in Plaintiff's Trans Union credit report and credit score.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

327021312v.1

**COMPLAINT ¶124:**

As another example, on or about February 18, 2026, Plaintiff applied for a Chase Freedom Visa Platinum account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

Plaintiff's application was denied after Chase reviewed information contained in Plaintiff's Experian credit report and cited the existence of one or more unpaid collection accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

As yet another example, on or about February 19, 2026, Plaintiff applied for a Citi Double Cash Mastercard.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

Plaintiff's application was denied after Citibank reviewed information contained in Plaintiff's Equifax credit report and cited delinquent credit obligations, collection activity, and excessive outstanding obligations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶128:**

Plaintiff also applied for a Wells Fargo Active Cash Visa Card and was denied credit.

327021312v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶129:**

Plaintiff further attempted to obtain financing through FlexShopper but was unable to proceed with the application process because of the inaccuracies in his credit files.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶130:**

As a result of the continued reporting of inaccurate and identity-theft-related information, Plaintiff lost opportunities to obtain credit products for which he otherwise sought consideration.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶131:**

Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by the Defendants.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b)**
**(Against All Defendants)**

**COMPLAINT ¶132:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

36

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶133:**

The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." <u>See</u> 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶134:**

On numerous occasions, Defendants prepared patently false consumer reports concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶135:**

Despite actual, apparent, and implied knowledge and evidence that Plaintiff was the victim of identity theft, Defendants readily and repeatedly sold such false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness, by suggesting that Plaintiff had accounts that he was delinquent on at least one occasion.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶136:**

Each Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff

327021312v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶137:**

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶138:**

Defendants' conduct, actions, and inactions were willful, or at least negligent, rendering them liable for actual damages, statutory damages, and punitive damages, and attorney's fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT II**
**Violations of 15 U.S.C. § 1681i**
**(Against All Defendants)**

**COMPLAINT ¶139:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶140:**

The FCRA mandates that a credit reporting agency ("CRA") conduct an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1).

38

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶141:**

The Act imposes a thirty (30) day limitation for the completion of such an investigation. Id.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶142:**

The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶143:**

On numerous occasions in 2025 and 2026, Plaintiff disputed the inaccurate information with Defendants and requested that they correct and/or delete a specific item in his credit file that is patently inaccurate, misleading, and highly damaging to his, namely, the Disputed Fraudulent Accounts that were the product of identity theft which was a very stressful situation for the Plaintiff.

327021312v.1

**ANSWER:**

Equifax admits that it has received correspondence purportedly from Plaintiff concerning allegedly fraudulent information in his credit file, the contents of which speak for themselves. Equifax denies reporting inaccurate information and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶144:**

Plaintiff disputed the identity theft information to Defendants several times to no avail.

**ANSWER:**

Equifax admits that it has received correspondence purportedly from Plaintiff concerning allegedly fraudulent information in his credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶145:**

Plaintiff supported his dispute with a copy of the police report and the FTC ID Theft Report.

**ANSWER:**

Equifax admits that it has received correspondence purportedly from Plaintiff concerning allegedly fraudulent information in his credit file, the contents of which speak for themselves.

**COMPLAINT ¶146:**

Despite actual, apparent, and implied knowledge and evidence that Plaintiff was the victim of identity theft, and in response to Plaintiff's disputes, each of the Defendants conducted virtually no investigations of Plaintiff's disputes, or such investigations were so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶147:**

Plaintiff expended resources in the form of time and money to repeatedly dispute the same account with Defendants, repeatedly.

40

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶148:**

Defendants' repeated refusals to block the Disputed Fraudulent Accounts provided false credibility to those accounts, forcing an identity theft victim to be repeatedly confronted with the evidence of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶149:**

Each Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶150:**

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶151:**

Defendants' conduct, actions, and inactions were willful, or at least negligent, rendering them liable for actual damages, statutory damages, and punitive damages, and attorneys' fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

327021312v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT III**
**Violations of 15 U.S.C. § 1681c-2**
**(Against All Defendants)**

**COMPLAINT ¶152:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶153:**

Each Defendant violated 15 U.S.C. § 1681c-2 by failing to block the reporting of the disputed information which was due to identity theft from Plaintiff's file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶154:**

Plaintiff repeatedly submitted ample evidence of the fact that he was an identity theft victim. Plaintiff further supported the fact that he was an identity theft victim by providing to the Defendants copies of the Police Report and FTC IDT Report.

**ANSWER:**

Equifax admits that it has received letters from Plaintiff concerning allegedly fraudulent information in his credit file, the contents of which speak for themselves.

**COMPLAINT ¶155:**

Defendants should have blocked the identity theft information but failed to do so at every turn.

42

327021312v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶156:**

As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages as alleged herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶157:**

Defendants' conduct, actions, and inactions were willful, or at least negligent, rendering them liable for actual damages, statutory damages, and punitive damages, and attorney's fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable. attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully demands a jury trial on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a

jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted

as of right or as a matter of law.

327021312v.1

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

Plaintiff has failed to state a claim against Equifax upon which relief may be granted.

### SECOND DEFENSE

Equifax has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

### THIRD DEFENSE

Plaintiff's damages are the result of acts or omissions committed by other parties or non-parties over which Equifax has no responsibility or control.

### FOURTH DEFENSE

Equifax's reports concerning Plaintiff were true or substantially true.

### FIFTH DEFENSE

Equifax reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

327021312v.1

DATED:  August 7, 2026

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP


By:  */s/ Sara E. Sweeney*

    Sara E. Sweeney (CT #428513)
    Sara.Sweeney@fmglaw.com
    FREEMAN MATHIS & GARY, LLP
    One Boston Place
    201 Washington Street, Suite 2200
    Boston, Massachusetts  02108
    Telephone:  (617) 963-5975

*Counsel for Defendant*
*Equifax Information Services LLC*

45

327021312v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


      */s/ Sara E. Sweeney*
Sara E. Sweeney
*Counsel for Defendant*
*Equifax Information Services LLC*

327021312v.1