**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

JOEL FIGUEROA RODRIGUEZ,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC and TRANS UNION LLC,

Defendants.

Case No.: 3:26-cv-00986-SFR

**26(f) REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:** 6/22/2026

**Date Complaint Served:**
Experian Information Solutions, Inc.: 6/29/2026
Equifax Information Services, LLC: 6/26/2026
Trans Union LLC: 6/26/2026

**Date of Defendants' Appearance:**
Experian Information Solutions, Inc.: 7/20/2026
Equifax Information Services, LLC: 7/16/2026
Trans Union LLC: 7/16/2026

Pursuant to Federal Rule of Civil Procedure 26(f) and D. Conn. L. Civ. R. 16, a conference was held on **August 10, 2026.** The participants were:

Nisan Zaghi, counsel for Plaintiff Joel Figueroa Rodriguez ("Plaintiff");

Danielle M. Palmieri, counsel for Defendant Experian Information Solutions, Inc. (Experian);

Sara E. Sweeney, counsel for Defendant Equifax Information Services, LLC ("Equifax");

Timothy J. Lee, counsel for Defendant Trans Union LLC ("Trans Union");

## I. <u>CERTIFICATION</u>

Undersigned counsels (after consultation with their clients) certify that (a) they have

discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

*[Provide a statement of the basis for subject matter jurisdiction with appropriate statutory citations. If defendant denies plaintiff's allegation of subject matter jurisdiction, defendant must specify the basis for the denial. In cases where the basis for subject matter jurisdiction is diversity of citizenship, if any party is a partnership, limited liability partnership, or limited liability company or corporation, provide the citizenship of each partner, general partner, limited partner and/or member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership, or limited liability company or corporation, provide the citizenship of each partner and/or member.]*

Plaintiff's Statement: Jurisdiction arises under 28 U.S.C. 1331 and 15 U.S.C. 1681p. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because the acts or omissions giving rise to the complaint pled to here occurred within the District of Connecticut.

Defendant Equifax: Equifax does not contest venue or personal jurisdiction in this matter.

Defendant Experian: Experian does not contest venue or personal jurisdiction in this matter.

Defendant Trans Union: Trans Union does not contest venue or personal jurisdiction in this matter.

### B. Personal Jurisdiction

*[State whether personal jurisdiction is contested and, if it is, summarize the parties' competing positions]*.

Parties do not contest jurisdiction or venue.

## III. BRIEF DESCRIPTION OF CASE

*[Briefly summarize the claims and defenses of all parties and describe the relief sought. If the parties cannot reach agreement on a joint statement, each party must provide a short separate statement. The requirement that the parties briefly summarize their claims and defenses is not intended to be unduly burdensome. The parties are obliged to discuss and consider the nature of their claims and defenses at the planning conference in order to formulate a meaningful case management plan. Moreover, the presiding judge needs to be informed of the nature of the claims and defenses in order to evaluate the reasonableness of that proposed plan. The statement of the parties' claims and defenses, whether set forth jointly or separately, does not preclude any party from raising new claims and defenses as permitted by other applicable law.]*

### A. Claims of Plaintiff:

Plaintiff alleges that, after discovering he was the victim of identity theft, he learned that Defendants were reporting numerous fraudulent credit accounts, automobile loans, collection accounts, unauthorized inquiries, inaccurate addresses, telephone numbers, and other identifying information that did not belong to him. Plaintiff contends that he repeatedly disputed the fraudulent information with Defendants between September 2025 and March 2026, providing an FTC Identity Theft Report, police report, and other supporting documentation demonstrating that the disputed information resulted from identity theft. Plaintiff alleges that Defendants failed to conduct reasonable reinvestigations of his disputes, failed to review all relevant information submitted, failed to adequately respond to his disputes, and failed to block the reporting of identity theft information as required by the Fair Credit Reporting Act. Specifically, Plaintiff alleges violations of 15 U.S.C. § 1681i for failing to conduct reasonable reinvestigations and 15 U.S.C. § 1681c-2 for failing to block identity theft information from his consumer reports. Plaintiff further alleges that, despite multiple disputes, Defendants continued reporting fraudulent accounts and inaccurate identifying information, including fraudulent addresses and telephone numbers, and in some instances either failed to respond altogether or improperly denied or rejected his requests for a fraud block without sufficient justification.

As a result of Defendants' alleged conduct, Plaintiff contends that he suffered actual damages, including the continued reporting of inaccurate and identity-theft-related information on his consumer reports, the loss of credit opportunities, and emotional distress. Plaintiff was denied credit by Synchrony Bank, Chase, Citibank, and Wells Fargo in February 2026. Plaintiff further alleges that he was unable to proceed with financing through FlexShopper because of the inaccurate information appearing on his credit reports. In addition to the loss of credit opportunities, Plaintiff claims emotional distress and other actual damages, including stress, anxiety, panic upon receiving communications regarding his credit, mental anguish, sleep loss, humiliation, frustration, anger, embarrassment, reputational harm, invasion of privacy, interference with his daily activities and personal relationships, and other damages recoverable under the Fair Credit Reporting Act. Plaintiff also seeks statutory, actual, punitive, and other damages, together with attorney's fees, costs, and any additional relief authorized by the FCRA.

**B. Defenses and Claims of Defendant Experian:**

Plaintiff has brought an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Experian expressly denies that it violated its obligations under the FCRA. Experian further expressly denies that Plaintiff is entitled to recover of an alleged damages from Experian. Experian is still in the process of gathering records relating to Plaintiff's claims. As such, Experian is unable to provide the court with a fulsome factual background of Plaintiff's case. What follows is based solely on information known to Experian at this time, and which Experian will supplement as appropriate. Without waiving any of the defenses available to it, and noting that it does not have access to or knowledge of any parties documents other than its own, upon information and belief, Experian states that it: (1) maintained and followed reasonable procedures to avoid violations of the FCRA as it pertains to the reporting of Plaintiff's credit information; (2) accurately reported credit information pertaining to Plaintiff; (3) complied with the FCRA insofar as it properly

investigated/reinvestigated Plaintiff's disputes, updated information as appropriate, and timely reported the results of those investigations/reinvestigations to Plaintiff and/or Experian did not receive a dispute directly from the Plaintiff; (4) reasonably relied upon the creditor, a reliable source, in reporting Plaintiff's credit information; and (5) has not acted with malice, neglect, willful or reckless intent as it pertains to Plaintiff. Experian further states that any harm suffered by plaintiff was not caused by Experian.

**C. Defenses and Claims of Defendant Equifax:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**D. Defenses and Claims of Defendant Trans Union:**

Defendant Trans Union is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Trans Union denies Plaintiff's claims and denies that it violated the FCRA. Trans Union disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff Trans Union specifically states that it maintained reasonable procedures to assure maximum possible accuracy

in its credit reports concerning Plaintiff. Additionally, Trans Union denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Trans Union makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

## IV. STATEMENT OF UNDISPUTED FACTS

*[The Court expects that in most cases there will be facts that are not genuinely disputed, and urges counsel and self-represented parties to assist the Court in identifying such facts, as part of their obligation to promote the "just, speedy and inexpensive determination of every action."]*

Counsels certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and that they expect to be able to prepare a list of undisputed facts after conducting discovery.

## V. CASE MANAGEMENT PLAN:

### A. Initial Disclosures

Initial disclosures will be served by **August 24, 2026.**

### B. Scheduling Conference

1. The parties **request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. The parties prefer that a scheduling conference, if held, be conducted **by telephone.**

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement **is likely at this time.**
2. The parties **do not request** an early settlement conference.
3. The parties prefer a settlement conference, when such a conference is held, with **the**

**presiding District judge**.

4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 and 28 U.S.C. § 651.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The Parties do not intend to amend any pleadings or join any parties, but reserve the right to do so by **August 21, 2026.**

**E. Discovery**

**a)** Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Discovery has not yet been taken. Plaintiff anticipates serving written discovery requests after the Rule 26(f) conference. Plaintiff agrees that the Federal Rules of Civil Procedure will govern discovery and does not request any modifications of the discovery rules. Plaintiff anticipates the need for written discovery, third-party discovery, depositions and expert discovery. Plaintiff reserves the right to utilize other permitted means of discovery as might be necessary.

Experian's Position (if different): Experian anticipates exchanging written discovery requests after the Rule 26(f) Conference, and any necessary subpoenas to third parties. Experian further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light during discovery.

Equifax's Position (if different): Equifax anticipates exchanging written discovery

requests after the Rule 26(f) Conference, and any necessary subpoenas to third parties. Equifax further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light during discovery.

Trans Union's Position (if different): Trans Union anticipates exchanging written discovery requests after the Rule 26(f) Conference, and any necessary subpoenas to third parties. Trans Union further anticipates taking Plaintiff's deposition, as well as the deposition of any necessary third parties that come to light during discovery.

**b)** The parties anticipate that discovery will be needed on the following subjects*:*

Plaintiff's Statement: Plaintiff anticipates conducting discovery on the following subjects:

- The circumstances surrounding Defendants' collection, maintenance, verification, preparation, and reporting of the consumer information at issue in this case;
- Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b);
- Defendants' policies and procedures regarding the receipt, processing, investigation, and reinvestigation of consumer disputes, including disputes involving allegations of identity theft, in compliance with 15 U.S.C. § 1681i;
- The actual actions taken by Defendants in response to Plaintiff's disputes, including their review of Plaintiff's supporting documentation, communications with furnishers, and decisions to verify, delete, continue reporting, or refuse to block the disputed information;
- Defendants' policies and procedures regarding the prevention of the reappearance or continued reporting of inaccurate and identity-theft-related information in compliance with 15 U.S.C. § 1681i;
- Defendants' policies and procedures regarding the receipt, evaluation, and processing of identity theft reports and requests to block identity theft information pursuant to 15 U.S.C. § 1681c-2;
- Defendants' maintenance, preparation, publication, and disclosure of Plaintiff's consumer reports and credit files, including the reporting of disputed accounts, addresses, telephone numbers, inquiries, and other identifying information;
- The basis for Defendants' responses to Plaintiff's disputes, including any determinations that disputes were frivolous, previously verified, or unsupported, and the reasons for any refusal to block disputed information; and

- Third-party discovery necessary to establish liability, causation, and damages, including discovery directed to furnishers of the disputed accounts and creditors who denied Plaintiff's applications for credit.

Experian:

Experian anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Experian credit file contained an inaccuracy; (2) whether any Experian's consumer report regarding Plaintiff contained an inaccuracy; (3) whether Experian failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Experian credit file; (5) whether any reinvestigation conducted by Experian violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Experian for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Experian for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Experian; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Experian pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Equifax:

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding

Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Trans Union:

Trans Union anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Trans Union credit file contained an inaccuracy; (2) whether any Trans Union consumer report regarding Plaintiff contained an inaccuracy; (3) whether Trans Union failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Trans Union credit file; (5) whether any reinvestigation conducted by Trans Union violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Trans Union for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Trans Union for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Trans Union;

(9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Trans Union pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**c)** All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **August 11, 2026** and completed (not propounded) by **December 22, 2026.**

**d)** Discovery **will not** be conducted in phases.

**e)** If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: **N/A**

**f)** The parties anticipate that the plaintiff will require a total of **8** depositions of fact witnesses and that the defendants will require a total of:

<u>Experian:</u> Experian cannot yet determine how many depositions it will need, as fact discovery is in its early stages. Experian reserves the right to supplement this response. Currently, Experian also anticipates requiring up to 8 depositions of fact witnesses.

<u>Equifax:</u> At this time, Equifax anticipates the need for up to 8 depositions of fact witnesses, including Plaintiff and any non-party witnesses identified through discovery. Because discovery is in its early stages, Equifax cannot determine the exact number of depositions that will be necessary and reserves the right to supplement this response;

The depositions will commence by **September 10, 2026** and be completed by **December 22, 2026.**

**g)** The parties **will not** request permission to serve more than 25 interrogatories.

**h)** Plaintiff **intends** on calling expert witnesses at trial. Defendant Experian may call a credit reporting expert at trial. Defendant Equifax may retain a credit reporting expert regarding Plaintiff's alleged reporting issues.

**i)** Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **September 22, 2026.** Depositions of any such experts will be completed by **October 22, 2026.**

**j)** Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **November 23, 2026.** Depositions of such experts will be completed by **December 22, 2026.**

**k)** A damages analysis will be provided by any party who has a claim or counterclaim for damages by **November 23, 2026.**

**l)** Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such

information:

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

**m)** Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff

or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

**n)** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including the method and timing of the production of a privilege log and the procedures for asserting privilege claims after production:

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first

paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**F. Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: **N/A**

**G. Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **January 26, 2027.**

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **March 22, 2027.**

## VI. TRIAL READINESS

The case will be ready for trial by **April 22, 2027.**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

## VII. ELECTRONIC SERVICE:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or

Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Jose Guadalupe Villegas Peralta | Nisan Zaghi (nzaghi@consumerattorneys.com)<br>Emanuel Kataev (ekataev@consumerattorneys.com)<br>Irina Iakovleva (iiakovleva@consuemrattorneys.com)<br>Maria Kaminsky (mkaminsky@consumerattorneys.com) |
| Experian Information Solutions, Inc. | Danielle M. Palmieri (dpalmieri@carmodylaw.com)<br>Riley Wyberg (RWyberg@goodwinlaw.com) |
| Equifax Information Services, LLC | Sara E. Sweeney ()<br>Heather H. Sharp (hsharp@seyfarth.com)<br>Ian N. Fuqua (ifuqua@seyfarth.com)<br>Dee Davis (abdavis@seyfarth.com) |
| Trans Union LLC | Timothy J. Lee (tlee@fillaw.com) |

Dated: August 31, 2026

By: */s/ Nisan Zaghi*
Nisan Zaghi, NY Bar # 5711072
*Pro Hac Vice Admitted*
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq. Bar# 358292021
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com

*Attorneys for Plaintiff,*
*Joel Figueroa Rodriguez*

By: *Riley Wyberg*
Riley Wyberg (*pro hac vice*)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone.: (617) 570-1460
Email: RWyberg@goodwinlaw.com

Danielle M. Palmieri ct31854
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT 06510
Telephone: (203) 777-5501
Fax: (203) 784-3199
Email: dpalmieri@carmodylaw.com

*Counsel for Defendant Experian Information Solutions, Inc.*

By: *<u>/s/ Sara E. Sweeney</u>*
Sara E. Sweeney (CT #428513)
Sara.Sweeney@fmglaw.com
FREEMAN MATHIS & GARY, LLP
One Boston Place
201 Washington Street, Suite 2200
Boston, Massachusetts 02108
Telephone: (617) 963-5975

*Counsel for Defendant*
*Equifax Information Services LLC*

*By: <u>/s/ Thimoty J. Lee</u>*
Timothy J. Lee, Esq. (CT 15118)
Fasano, Ippolito, Lee &Florentine, LLC
107 Montowese Street
Branford, CT 06405
Telephone: (203) 787-6555
Fax: (203) 776-2119
E-Mail: tlee@fillaw.com

*Attorneys for Defendant,*
*Trans Union LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: *_/s/ Maria Kaminsky_*